Carrie M. Francis (309280)
carrie.francis@stinson.com
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Attorneys for Defendant Rose Hills
Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Perez, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Rose Hills Mortuary, L.P., a Delaware limited partnership; Rose Hills Company, a Delaware corporation; and Does 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> State of California Superior Court, Los Angeles County Case No. 24STCV10847 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453** <br><br> [Filed concurrently with Civil Cover Sheet; Notice of Interested Parties] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Rose Hills Company ("Rose Hills") hereby remove this action from the Superior Court of the State of California, for the County of Los Angeles, captioned as Case No. 24STCV10847 to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. The grounds for removal are as follows:

## THIS COURT HAS JURISDICTION

1. This Court has original jurisdiction under the Class Action Fairness Act under 28 U.S.C. § 1332(d)(2).

2. This Court is in the judicial district and division embracing the place where

NOTICE OF REMOVAL

CORE/0810992.0127/190197974.5

the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

3.      Under 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain a "short and plain statement of the grounds for removal;" and (3) be accompanied by a copy of all process, pleadings, and orders served on the defendant in the action.

## PLEADINGS, PROCESS AND ORDERS

4.      On April 30, 2024, Plaintiff Elizabeth Perez ("Plaintiff") filed a Complaint in the Superior Court of Los Angeles County against Defendant entitled *Elizabeth Perez v. Rose Hills Mortuary, L.P., et al,* Case No. 24STCV10847. A true and correct copy of the Summons; Civil Case Cover Sheet; Class Action Complaint; Labor Code § 2698, *et seq.* Penalties – PAGA Notice Letter to the LWDA, and all other papers filed and served upon Rose Hills is attached hereto as **Exhibit A**.

5.      The Complaint alleges unfair competition in violation of the California Business and Professions Code and seeks statutory penalties for multiple types of alleged violations, including:

a.      Failure to provide meal periods;

b.      Failure to provide rest periods;

c.      Failure to pay hourly wages;

d.      Failure to pay overtime wages;

e.      Failure to produce requested employment records;

f.      provide accurate written wage statements;

g.      Failure to timely pay all final wages;

h.      Failure to indemnify for expenditures;

i.      Unfair competition.

*See* **Exhibit A**, Complaint at p.1.

2

NOTICE OF REMOVAL OF CIVIL ACTION

6.      On May 9, 2024, Plaintiff personally served Rose Hills with this Class Action lawsuit.  The other defendant, Rose Hills Mortuary, L.P. has not been properly served.

7.      Pursuant to 28 U.S.C. 1446(a), the attached **Exhibit A** constitutes all pleadings and orders filed in this action. No defendant has appeared or filed an answer in the Superior Court of California for the County of Los Angeles.

8.      Pursuant to 28 U.S.C. 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is therefore timely filed as it is within thirty (30) days after service of the Summons and Complaint and within one year after commencement of this action.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999) (30-day removal period runs from the service of the summons and complaint); *Moistner v. Aerojet Rocketdyne, Inc.*, Case No.: 2:21-cv-03138-SB-MAA, 2021 WL 3033402, at *1 (C.D. Cal. July 16, 2021) (Federal Rule of Civil Procedure 6(a)(1)(C) applies to calculation of time for removal) (citing *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019)).

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal without Exhibits) will be promptly filed with the Clerk of the Superior Court for the County of Los Angeles.

## THIS COURT HAS JURISDICTION UNDER CAFA

11.     In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of removing defendants. Specifically, the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applicable to complaints must also apply to notices of removal. *See id.* at 87. The Supreme Court also held in *Dart* that a removing defendant is not required to include

3

NOTICE OF REMOVAL OF CIVIL ACTION

CORE/0810992.0127/190197974.5

evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *See id.* at 87, 89. The court must only require a removing defendant to prove, under the applicable preponderance standard, that the jurisdictional requirements are met if another party challenges jurisdiction. *See id.* at 88-89. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *See Dart*, 574 U.S. at 89. Further, "no anti-removal presumption" applies to "cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *See id.*

12.    This Court has jurisdiction over Plaintiff's action pursuant to CAFA, 28 U.S.C. § 1332(d).

13.    CAFA applies to "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

14.    Plaintiff brings this lawsuit as a class action and seeks to act as a class representative. Plaintiff alleges that this action meets the class action certification requirements pursuant to California Code of Civil Procedure § 382. *See* **Exhibit A**, Complaint at ¶¶ 16-21.

15.    Under CAFA, district courts have jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6).

16.    The proposed group of Class Members exceeds 100 persons. *See* **Exhibit B**, Declaration of Carrie M. Francis in Support of Defendant's Notice of Removal ("Francis Declaration"), at ¶ 4.

4
NOTICE OF REMOVAL OF CIVIL ACTION

17. Upon information and belief, there are approximately 759 total purported class members, based on Plaintiff's definition of the class as alleged in the Complaint. The allegations involve non-exempt employees, employed at various times. *See* **Exhibit A**, Complaint at ¶ 14; Exhibit B, Francis Declaration at ¶ 4.

18. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

19. Plaintiff is a citizen of California. *See* **Exhibit A** (Complaint at ¶ 7)

20. Plaintiff's Complaint does not define the class as including only citizens of California. On information and belief one or more member of the alleged class are citizen of a state of than California. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (holding that "citizens" are different than "residents" with regards to CAFA and that a class comprised of Missouri residents may be minimally diverse from a Missouri defendant in a way a class of Missouri citizens are not).

21. Defendant Rose Hills Mortuary, L.P., is a Delaware limited partnership, with no partners who are citizens of California.

22. Accordingly, the parties are citizens of different states and minimal diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

23. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate.[1] *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 83940 (9th Cir. 2002). The amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant if the plaintiff is victorious. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018).

---

[1] The alleged damages set forth in the instant Notice of Removal are provided for purposes of removal only. Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and alleged damages at every stage of this case.

NOTICE OF REMOVAL OF CIVIL ACTION

CORE/0810992.0127/190197974.5

24.     Congress intended jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*E.g.*, damages, injunctive relief, or declaratory relief)." *See* Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-12 at 42-43 ("[I]f federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' in a purported class action 'the court should err in favor of exercising jurisdiction over the case . . . [Section 1332(d)] should be read broadly, with a strong preference that interstate class actions should be heard in federal court if removed by the defendant.'").

25.     In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

26.     Aggregating the total purported class members, each class member's damages, including attorney's fees must reach $6,587.62.

27.     Assuming attorney's fees of 33%, the damages per purported class member needed to satisfy the amount in controversy requirement is just $4,413.70.

28.     Plaintiff's Complaint here is silent as to the total amount in controversy. However, as demonstrated herein, Plaintiff's allegations, when accepted as true, place more than $5,000,000 in controversy in this lawsuit. By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendant in no way concedes the validity of Plaintiff's claims in any respect or the likelihood that Plaintiff will obtain certification or recover anything.

29.     Defendant's calculation of the amount in controversy is based on (1) its review of internal human resource records evidencing that there are 759 proposed Class

6
CORE/0810992.0127/190197974.5

Members in the period specified in Plaintiff's definition of the class dating back four years; *see* **Exhibit A**, Complaint at ¶¶ 2 and 25 and (2) Plaintiff's assertion that her claims are typical of the class she seeks to represent; *see* **Exhibit A**, Complaint at ¶ 28(b).

| Complaint Count | Calculation Facts | Damages |
|---|---|---|
| **MEAL PERIODS** **(COUNT 3)** Failure to Provide Meal Periods (Exhibit A, Complaint ¶¶ 52-54) | Plaintiff alleges Defendants failed to provide Plaintiff and the Class with meal periods. **Exhibit A**, at Complaint ¶ 52-54. Defendant assumes a rate of purported violation of one per week. Premium pay amounts to the employee's regular rate of pay, which Defendant assumes is no less than $14 (minimum wage) per purported violation. | $14 (damages per purported violation) x 208 weeks (one violations per week) = $2,912.00 per employee. Multiple by 759 for class subset = **$2,210,208.00** |

7

NOTICE OF REMOVAL OF CIVIL ACTION

CORE/0810992.0127/190197974.5

| | | |
|---|---|---|
| **REST BREAK (COUNT 4)** Failure to Provide Rest Periods (Exhibit A, Complaint ¶¶ 56-58) | Plaintiff alleges Defendants failed to authorize Plaintiff and the Class to take rest breaks. **Exhibit A**, at Complaint ¶ 58. Defendant assumes a rate of purported violation of one per week. Premium pay amounts to the employee's regular rate of pay, which Defendant assumes is no less than $14 (minimum wage) per purported violation. | $14 (damages per purported violation) x 208 weeks (one violation per week) = $2,912.00. Multiple by 759 for class subset = **$2,210,208.00** |
| **STRAIGHT TIME AND OVERTIME WAGES (COUNTS 1 and 2)** | Plaintiff alleges Defendants failed to pay | $35 (damages per purported violation) x 208 |

8

NOTICE OF REMOVAL OF CIVIL ACTION

CORE/0810992.0127/190197974.5

| Failure to Pay Hourly and Overtime Wages (Exhibit A, Complaint ¶¶ 43-50) | Plaintiff and the Class for all hours worked, including overtime hours at the statutory or agreed rate. **Exhibit A**, at Complaint ¶ 33-50.<br><br>Defendant assumes the rate of purported violation is one hour per week for failure to pay straight wages and hour per week for failure to pay over overtime pay. Defendant assumes the employee's regular rate of pay is no less $14 per hour (minimum wage). Overtime is paid at 1.5 times the employee's | weeks (one violation per week) = $7,280.00.<br><br>Multiple by 759 for class = **$5,525,520.00** |

9

CORE/0810992.0127/190197974.5

| | regular rate of pay; which Defendant assumes is no less than minimum wage. Defendant assumes an overtime rate of $21 per hour. | |
|---|---|---|
| **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** **(COUNT 6)** Failure to Provide Accurate Written Wage Statements (Exhibit A, Complaint ¶¶ 67-73) | Plaintiff alleges Defendants intentionally failed to furnish accurate written wage statements reflecting all hours worked, gross wages earned, net wages earned, and correct hourly pay. **Exhibit A**, at Complaint ¶ 67-73. Plaintiff seeks damages or the penalties are capped at | $50 (initial violations) + (23 (remaining pay periods) x $100) = $2,350.00 (per employee, $4,000 cap not reached). $2,350   x   510   = **$1,198,500.00** |

10
NOTICE OF REMOVAL OF CIVIL ACTION

| | | |
|---|---|---|
| | $4,000 per employee. *See* § 226(e). | |
| | The statute of limitations for recovery of penalties is one year. *See Falk v. Children's Hosp. L.A.* (2015) 237 Cal. App. 4th 1454, 1469. Of the 759 purported class members, approximately 510 of them were employed and entitled to a wage statement the year before Plaintiff filed this action. Defendant therefore assumes 510 employees will be subject to violations for one year. | |

11
NOTICE OF REMOVAL OF CIVIL ACTION

| | | |
|---|---|---|
| | *See* **Exhibit B**, Francis Declaration at ¶ 6. Employees are entitled a wage statement semi-monthly; *see* § 226(a); Defendant therefore assumes 24 potential violations for each employee in the 510-employee subset. | |
| **FAILURE TO TIMELY PAY FINAL WAGES AT TERMINATION**<br><br>**(COUNT 5)**<br>Failure to Timely Pay All Final Wages (Exhibit A, Complaint ¶¶ 60-65) | Plaintiff alleges that Defendants failed to pay discharged employees final pay immediately upon discharge and have not paid waiting time penalties as a result of the failure to timely pay final wages. **Exhibit A**, at Complaint ¶ 65. | $14 (minimum wage) x (56 hours, 7 days at 8 hours per day) = $784<br><br>Multiple by 333 for class subset = **$261,072.00** |

12

NOTICE OF REMOVAL OF CIVIL ACTION

CORE/0810992.0127/190197974.5

Plaintiff alleges he and other purported class members that were terminated are entitled to wages at their regular hourly rate for up to 30 days after termination. *See* **Exhibit A** (Complaint at ¶ 108).

Plaintiff provides no allegations regarding when post-termination payments were. Defendant therefore assumes such payments were made in accord with its non-termination payroll practice of payment seven (7) days after the end of

NOTICE OF REMOVAL OF CIVIL ACTION

CORE/0810992.0127/190197974.5

|  | the pay period and assumes a 7-day wait period.<br><br>Defendant further assumes terminated employees' regular rate of pay was $14 (minimum wage) for full-time work (8 hours per day).<br><br>Of the 759 purported class members, approximately 333 of them are no longer employed by Defendant. *See* **Exhibit B**, Francis Declaration at ¶8. |  |
| **UNFAIR BUSINESS COMPETITION**<br><br>**(COUNT 9)** | Plaintiff alleges that Defendants have engaged in unlawful conduct by failing to provide non- |  |

14

NOTICE OF REMOVAL OF CIVIL ACTION

| | exempt employees with compliant meal and rest periods; pay for all hours worked at the proper rates of pay; and failure to properly pay sick time. **Exhibit A**, at Complaint ¶ 118.<br><br>Plaintiff's ninth cause of action seeks damages that are effectively the same as the damages for his other counts, and therefore need not be separately considered. | |
|---|---|---|
| (Exhibit A, Complaint ¶¶ 88-104) | | |
| **TOTAL:** | | **$11,405,508.00** |
| **Attorneys' Fees**<br>Cal. Labor Code §§ 1194(a), 1021.5 | The attorneys' fees Plaintiff seeks are part of the amount in controversy. *See* | $11,405,508.00 (potential award) ÷ 3 (33% percent) = $3,801,836.00 |

15

NOTICE OF REMOVAL OF CIVIL ACTION

| | *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-94 (9th Cir. 2018). | **Attorneys' Fees Award**: **$3,801,836.00** |
|---|---|---|
| **GRAND TOTAL** | | **$15,207,344.00** |

10.     Based on the detailed estimates provided, the amount in controversy in this lawsuit is estimated at no less than **$15,207,344.00**, which far exceeds the amount required for diversity jurisdiction based removal under 28 U.S.C. § 1332(d)(2) of $5,000,000.

## CONCLUSION

11.     This Court has original jurisdiction over Plaintiff's claims by virtue of jurisdiction pursuant to 28 U.S.C. §1332(d)(2). Accordingly, this action is properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests the opportunity to submit evidence, points and authorities further supporting the removal of this action.

RESPECTFULLY SUBMITTED this 7th day of June, 2024.

**STINSON LLP**

By      s/ Carrie Francis

Carrie M. Francis
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for Defendant Rose Hill Company

NOTICE OF REMOVAL OF CIVIL ACTION

CORE/0810992.0127/190197974.5

# Exhibit A

John G. Yslas (SBN 187324)
jyslas@wilshirelawfirm.com
Jeffrey C. Bils (SBN 301629)
jbils@wilshirelawfirm.com
Aram Boyadjian (SBN 334009)
aboyadjian@wilshirelawfirm.com
Andrew Sandoval (SBN 346996)
andrew.sandoval@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff

**Electronically FILED by
Superior Court of California,
County of Los Angeles
4/30/2024 1:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ELIZABETH PEREZ, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ROSE HILLS MORTUARY, L.P., a Delaware limited partnership; ROSE HILLS COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants.* | Case No.: 24STCV10847<br><br>**CLASS ACTION COMPLAINT:**<br><br>1. Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, 1197, and 1197.1);<br>2. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198);<br>3. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512);<br>4. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7);<br>5. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203);<br>6. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);<br>7. Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802);<br>8. Failure to Produce Requested Employment Records (Cal. Lab. Code §§ 226 and 1198.5); and<br>9. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Plaintiff Elizabeth Perez ("Plaintiff"), on information and belief, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.     Plaintiff brings this action against Defendants Rose Hills Mortuary, L.P., Rose Hills Company and DOES 1 through 10 (hereinafter collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay for all hours worked (minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages, failure to furnish accurate wage statements, failure to indemnify employees for expenditures, and failure to produce requested employment records.

2.     Plaintiff brings the First through Ninth Causes of Action individually and as a class action on behalf of Plaintiff and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.     Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.     Despite these requirements, throughout the statutory period, Defendants have, at times:

    (a)     Failed to pay employees, or some of them, for all hours worked, including all minimum, straight time, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

    (b)     Failed to provide employees, or some of them, with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failed to maintain accurate records of all meal periods taken or

1

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

missed, and failed to pay an additional hour's pay for each workday a meal period violation occurred;

(c)     Failed to authorize and permit employees, or some of them, to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failed to pay an additional hour's pay for each workday a rest period violation occurred;

(d)     Willfully failed to pay employees, or some of them, all minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(e)     Failed to provide employees, or some of them, with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders;

(f)     Failed to indemnify employees, or some of them, for expenditures incurred in direct discharge of duties of employment; and

(g)     Failed to timely produce requested employment records as required by the California Labor Code and IWC Wage Order.

5.     On information and belief, Defendants were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful conduct. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, acts and omissions as described in each and all of the foregoing paragraphs as the employers of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

///

///

2

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## THE PARTIES

### A.    Plaintiff

7.    Plaintiff Elizabeth is a resident of Whittier, California who worked for Defendants in Los Angeles County, California as an hourly-paid, non-exempt employee from approximately October 2021 to approximately October 2023.

8.    Plaintiff reserves the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.    Defendants

9.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Rose Hills Mortuary, L.P., Rose Hills Company are, and at all times herein mentioned, were:

(a)    A business entity conducting business in numerous counties throughout the State of California, including Los Angeles County; and,

(b)    The former employer of Plaintiff, and the current and/or former employer of the putative Class because Defendants Rose Hills Mortuary, L.P., Rose Hills Company suffered and permitted Plaintiff and the Class to work; and/or exercised control over their wages, hours, or working conditions; and/or engaged Plaintiff and the Class, thereby creating a common law employment relationship.

10.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

///

///

11. At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff worked for Defendants in Los Angeles County, California as an hourly-paid, non-exempt employee from approximately August 2021 to approximately October 2023. During Plaintiff's employment for Defendants, Defendants paid Plaintiff an hourly wage and classified Plaintiff as non-exempt from overtime. Defendants typically scheduled Plaintiff to work at least five days in a workweek and at least eight hours per day, but Plaintiff also worked more than eight hours in a workday and more than forty (40) hours in a workweek.

14. Throughout Plaintiff's employment, Defendants, at times, failed to pay for all hours worked (including minimum, straight time, and overtime wages), failed to provide Plaintiff with legally compliant meal periods, failed to authorize and permit Plaintiff to take rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, failed to furnish accurate wage statements to Plaintiff, failed to indemnify Plaintiff for

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

4

expenditures, and failed to produce requested employment records. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

15.    Throughout the statutory period, Defendants, at times, failed to pay Plaintiff and the Class, or some of them, for all hours worked, including minimum, straight time, and overtime wages. Defendants would, at times, manufacture time keeping records to falsely show that Plaintiff and the Class took meal periods when in fact they worked "off-the-clock," uncompensated. The effect is that Plaintiff and the Class, or some of them, worked through meal periods "off-the-clock," and continued to work after they had clocked out for the workday. Defendants paid Plaintiff and the Class, or some of them, less than all their work time. Much of this unpaid work should have been paid at the overtime rate. In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiff and the Class, or some of them, worked.

16.    Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class, or some of them, with legally compliant meal periods. Defendants required Plaintiff and the Class, or some of them, to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class, or some of them, for all missed meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Instead, Defendants continued to assert control over Plaintiff and the Class, or some of them, by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Plaintiff and the Class, or some of them, permission to take a meal period. Defendants also failed, at times, to permit Plaintiff to take a second meal period when Plaintiff worked at least ten hours of work in a workday. As described above, Defendants would manufacture time keeping records to falsely show that Plaintiff and the Class, or some of them, took meal periods by the fifth hour of work or took meal periods when in fact they worked off-the-clock, uncompensated. Accordingly, Defendants failed to provide meal periods to Plaintiff and the Class, or some of them, in compliance with California law.

17.    Throughout the statutory period, Defendants have, at times, wrongfully failed to authorize and permit Plaintiff and the Class, or some of them, to take legally compliant rest periods.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Defendants required Plaintiff and the Class, or some of them, to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class, or some of them, for rest periods that were not authorized or permitted. Instead, Defendants continued to assert control over Plaintiff and the Class, or some of them, by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or by denying Plaintiff and the Class, or some of them, permission to take a rest period. Accordingly, Defendants failed to authorize and permit Plaintiff and the Class, or some of them, to take rest periods in compliance with California law.

18.     Throughout the statutory period, Defendants, at times, willfully failed and refused to timely pay Plaintiff and the Class, or some of them, all final wages due at their termination of employment. In addition, Plaintiff's final paychecks did not include payment for all expenditures, minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages owed to Plaintiff by Defendants at the conclusion of Plaintiff's employment. On information and belief, Defendants' failure to timely pay Plaintiff's final wages when Plaintiff's employment terminated was not a single, isolated incident, but was instead consistent with Defendants' practices that applied, at times, to Plaintiff and the Class.

19.     Throughout the statutory period, Defendants failed, at times, to furnish Plaintiff and the Class, or some of them, with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class, or some of them, suffered injury because, among other things:

(a)     the violations led them to believe that they were not entitled to be paid minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages, even though they were entitled;

(b)    the violations led them to believe that they had been paid the minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages at the correct California rate even though they were entitled;

(d)    the violations led them to believe they had been paid minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due to them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class, or some of them, were entitled, and Plaintiff and the Class, or some of them, were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class, or some of them, are owed the amounts provided for in California Labor Code § 226(e).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

7

CLASS ACTION COMPLAINT

20.    Throughout the statutory period, Defendants have wrongfully required Plaintiff and the Class, or some of them, to pay expenses that they incurred in direct discharge of their duties for Defendants. Plaintiff and the Class, or some of them, paid out-of-pocket for necessary employment-related expenses.

21.    Plaintiff and the Class, or some of them, incurred substantial expenses as a direct result of performing their job duties for Defendants, but Defendants failed to indemnify Plaintiff and the Class, or some of them, for these employment-related expenses.

22.    Plaintiff sent written requests through Plaintiff's counsel to Defendants for Plaintiff's personnel file, pay records, wage statements, timekeeping records, and other employment-related documents pursuant to Labor Code section 226 and 1198.5. However, Defendants failed to timely produce the requested employment records, in violation of Labor Code sections 226 and 1198.5.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

24.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

25.    The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

26.    At all material times, Plaintiff was a member of the Class.

27.    Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

28.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

///

8

CLASS ACTION COMPLAINT

(a) <u>Numerosity</u>: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than forty (40) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c) <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and,

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

    4)     The difficulties likely to be encountered in the management of a class action.

    (e)    Public Policy Considerations: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

29. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

    (a)    Failed to pay Class Members for all hours worked, including minimum, straight time, and overtime wages;

    (b)    Failed to provide meal periods and pay meal period premium wages to Class Members;

    (c)    Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

    (d)    Failed to provide Class Members with timely final wages;

    (e)    Failed to provide Class Members with accurate wage statements;

    (f)    Failed to indemnify Class Members for expenditures;

    (g)    Failed to produce requested employment records; and

    (h)    Violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

30. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

CLASS ACTION COMPLAINT

(a) The questions of law and fact common to the Class predominate over any question affecting only individual Class Members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the Class Members;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d) Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

---

11

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

31.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff contemplates the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

### (Against All Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)

32. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

33.    "Hours worked" is the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

34.    At all relevant times herein mentioned, Defendants, at times, knowingly failed to pay to Plaintiff and the Class, or some of them, compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of California Labor Code § 1194, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

35.    Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

36.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

37.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, and which will be ascertained according to proof at trial.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

38. By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

39. Pursuant to California Labor Code § 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

40. California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages. However, Defendants failed and refused to pay Plaintiff and the Class, or some of them, all such wages due and failed to pay those wages twice a month.

41. Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

<u>**SECOND CAUSE OF ACTION**</u>

**(Against All Defendants for Failure to Pay Overtime Wages)**

42. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

43. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

44. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

///

///

45.     At all times relevant hereto, Plaintiff and the Class, or some of them, have at times worked more than eight hours in a workday and/or more than forty (40) hours in a workweek, as employees of Defendants.

46.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class, or some of them, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code §§ 510 and 1198.

47.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

48.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

49.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

50.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## THIRD CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

51. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

///

14
CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

52.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than at the end of Plaintiff and the Class' fifth hour of work in a workday, and to take their second meal periods no later than at the end of the tenth hour of work in the workday. California Labor Code § 512, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least thirty (30) minutes for each five-hour period worked. It is a violation of California Labor Code § 226.7 for an employer to require any employee to work during any meal period mandated under any Wage Order.

53.     Despite these legal requirements, Defendants, at times, failed to provide Plaintiff and the Class, or some of them, with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class, or some of them, to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

54.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

### FOURTH CAUSE OF ACTION

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

55.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

56.     Defendants are required by California law to authorize and permit breaks of ten uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). California Labor Code § 512, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of ten minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is six hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself

a violation of California's rest break laws. It is a violation of California Labor Code § 226.7 for an employer to require any employee to work during any rest period mandated under any Wage Order.

57.    Despite these legal requirements, Defendants at times failed to authorize Plaintiff and the Class, or some of them, to take rest breaks, regardless of whether employees worked more than four hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

58.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)

59.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

60.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

61.    Within the applicable statute of limitations, the employment of many other members of the Class ended, i.e., was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants at times failed, and continue to fail, to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

62. Defendants' failure to pay those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

63. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

64. The Class is entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203.

65. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, the Class is also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SIXTH CAUSE OF ACTION

### (Against All Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

66. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

67. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the

employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

68.     Defendants have, at times, intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, or some of them, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

69.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily protected rights.

70.     Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

71.     Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

72.     Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

73.     Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SEVENTH CAUSE OF ACTION

**(Against All Defendants for Failure to Indemnify Employees for Expenditures)**

74.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

18

CLASS ACTION COMPLAINT

75. As set forth above, Plaintiff and the Class, or some of them, were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

76. Defendants violated California Labor Code § 2802, by failing to pay and indemnify Plaintiff and the Class, or some of them, for necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

77. As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

78. Plaintiff and the Class are entitled to reasonable attorney's fees, expenses, and costs of suit pursuant to California Labor Code § 2802(c) and interest pursuant to California Labor Code § 2802(b).

## EIGHTH CAUSE OF ACTION

### (Against All Defendants for Failure to Produce Requested Employment Records)

79. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

80. Pursuant to California Labor Code § 226, current and former employees have the right to inspect or receive a copy of their records pertaining to their employment, upon reasonable request to their employer. Under this statute, an employer that receives a request to inspect or receive a copy of records pertaining to a current or former employee must comply with the request as soon as practicable, but no later than twenty-one (21) calendar days from the date of the request.

81. Pursuant to California Labor Code § 1198.5(a), every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee. Under this statute, upon written request from a current or former employee or his or her representative, an employer must make the contents of those personnel records available for inspection or provide a copy of the personnel records to the current or former employee, or his or her representative, not later than thirty (30) calendar days from the date the employer receives the written request, subject to some limited exceptions. Failure to comply with these requests allows

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

for a civil penalty seven hundred fifty dollars ($750), pursuant to Labor Code §§ 1198.5(k) and 226(f).

82.    As set forth above, Plaintiff and the Class are current and former employees of Defendants.

83.    Plaintiff sent a written request through Plaintiff's counsel to Defendants for Plaintiff's personnel file, pay records, wage statements, timekeeping records, and other employment-related documents pursuant to Labor Code §§ 226 and 1198.5. However, Defendants failed to timely produce the requested employment records.

84.    Defendants violated California Labor Code §§ 226, and 1198.5 by failing to timely produce the required records requested by Plaintiff.

85.    On information and belief, Defendants' failure to provide Plaintiff with Plaintiff's requested employment records is not an isolated incident but was instead consistent with Defendants' practice that applied to Plaintiff and the Class, or some of them.

86.    Pursuant to California Labor Code § 1198.5, Plaintiff and the Class are entitled to a penalty of seven hundred fifty dollars ($750) from Defendants, injunctive relief in the form of compliance with section 1198.5, and attorneys' fees and costs.

87.    Pursuant to California Labor Code § 226, Plaintiff and the Class are entitled to a penalty of seven hundred fifty dollars ($750) from Defendants, injunctive relief in the form of compliance with section 226, and attorneys' fees and costs.

### NINTH CAUSE OF ACTION

**(Against All Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

88.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 31 in this Complaint.

89.    Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

90.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

20

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

91.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

92.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

### Failure to Pay Minimum and Straight Time Wages

93.    Defendants' failure to pay minimum and straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Pay Overtime Wages

94.    Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Provide Meal Periods

95.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Authorize and Permit Rest Periods

96.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

///

**Failure to Indemnify Business Expenses**

97.    Defendants' failure to reimburse expenses incurred in accordance with California Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

98.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

99.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

100.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

101.    Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

102.    Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

103. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

104. Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years and 178 days prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action;

2. That Plaintiff be appointed as the representative of the Class; and,

3. That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4. That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

5. For unpaid wages as may be appropriate;

6. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7. For penalties, restitution, and liquidated damages pursuant to California Labor Code § 1197.1;

8. For liquidated damages;

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

23
CLASS ACTION COMPLAINT

9.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

10.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

11.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

12.    For unpaid wages at overtime wage rates as may be appropriate;

13.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

14.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

15.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

16.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

17.    For unpaid meal period premium wages as may be appropriate;

18.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

19.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and,

20.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

21.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

22.    For unpaid rest period premium wages as may be appropriate;

23.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT

24.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and,

25.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

26.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

27.    For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

28.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

29.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

30.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

31.    That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

32.    For all actual damages, according to proof;

33.    For statutory penalties pursuant to California Labor Code § 226(e);

34.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

35.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

36.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

37.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 2802 by willfully failing to indemnify employees for expenditures;

38.    For unpaid wages or unreimbursed business expenses as may be appropriate;

///

25

CLASS ACTION COMPLAINT

39. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

40. For reasonable attorneys' fees and for costs of suit incurred herein; and,

41. For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

42. That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 226 and 1198.5 by willfully failing to produce employment records;

43. For statutory penalties pursuant to California Labor Code §§ 226(f) and 1198.5(k);

44. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h) and 1198.5(l);

45. For reasonable attorneys' fees and for costs of suit incurred herein; and,

46. For such other and further relief as the Court may deem equitable and appropriate.

As to the Ninth Cause of Action

47. That the Court declare, adjudge, and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay for all hours worked (minimum, straight time, and overtime wages), failing to provide meal periods, and failing to authorize and permit rest periods;

48. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

49. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

50. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

51. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

52. For such other and further relief as the Court may deem equitable and appropriate.

///

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

<u>As to all Causes of Action</u>

53.    For any additional relief that the Court deems just and proper.

Respectfully submitted,

Dated: April 30, 2024                        **WILSHIRE LAW FIRM**

By: _____
John G. Yslas
Aram Boyadjian
Jeffrey C. Bils
Andrew Sandoval

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: April 30, 2024                        **WILSHIRE LAW FIRM**

By: _____
John G. Yslas
Aram Boyadjian
Jeffrey C. Bils
Andrew Sandoval

Attorneys for Plaintiff

CLASS ACTION COMPLAINT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
ROSE HILLS MORTUARY, L.P., a Delaware limited partnership; ROSE HILLS COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ELIZABETH PEREZ, individually, and on behalf of all others similarly situated

</td><td>

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/30/2024 1:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
(El nombre y dirección de la corte es): Los Angeles County Superior Court

Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, California 90012

</td><td>

CASE NUMBER:
(Número del Caso):

24STCV10847

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John G. Yslas, Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, CA 90010; (213) 381-9988

DATE: 04/30/2024                Clerk, by                                    , Deputy
(Fecha)    David W. Slayton, Executive Officer/Clerk of Court (Secretario) ___ M. Aguirre ___ (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Rose Hills Company, a Delaware corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John G. Yslas (SBN 187324), Jeffrey Bils (SBN 301629)<br>Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010<br><br>TELEPHONE NO.: (213) 381-9988          FAX NO.: (213) 381-9989<br>EMAIL ADDRESS: jyslas@wilshirelawfirm.com; jbils@wilshirelawfirm.com<br>ATTORNEY FOR *(Name):* Elizabeth Perez | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/30/2024 1:11 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Aguirre, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
Perez v. Rose Hills Mortuary, L.P., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $35,000) | [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24STCV10847 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 30, 2024
John G. Yslas
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Perez v. Rose Hills Mortuary, L.P., et al. | 24STCV10847 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/30/2024 1:11 PM
David W. Slayton,
Executive Officer/Clerk of Cour
By M. Aguirre, Deputy Clerk

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Perez v. Rose Hills Mortuary, L.P., et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Perez v. Rose Hills Mortuary, L.P., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE Perez v. Rose Hills Mortuary, L.P., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Perez'v. Rose Hills Mortuary, L.P., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _04/30/2024_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

**FILED**
Superior Court of California
County of Los Angeles

MAY 02 2024

David W. Slayton, Executive Officer/Clerk of Court
By: A. Morales, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ELIZABETH PEREZ

          Plaintiff,

vs.

ROSE HILLS MORTUARY, L.P.

          Defendants

Case No. 24STCV10947

**INITIAL STATUS CONFERENCE ORDER**

DATE: July 19, 2024

TIME: 9:00 a.m.

PLACE: DEPARTMENT 7, SPRING ST.

**\*\*JOINT STATEMENT DUE FIVE COURT DAYS IN ADVANCE OF HEARING\*\***

---

This case has been assigned for all purposes to Judge Lawrence P. Riff.

Please read the important courtroom information for Department 7 posted on the court's website (www.lacourt.org) (go to "courtroom information on the main page) which contains answers to many frequently asked questions.

The Court has scheduled an Initial Status Conference on the date and at the time set out above in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012.

ISC ORDER

Department 7 utilizes the LACourtConnect video and telephonic conference platform for hearings. Parties and counsel are invited to appear in person or via LACourtConnect. The Court has no preference. When appearing via LACourtConnect, please do so from a quiet place. Rules concerning court attire apply.

## COUNSEL TO FILE NOTICE OF APPEARANCE;
## PLEADING STAY UNTIL FURTHER ORDER

The Court orders each defendant promptly following service of summons and complaint to file a Notice of Appearance of counsel. The Notice of Appearance does not affect or prejudice any counsel's or party's legal position on any issue including without limitation any jurisdictional challenge.

The Court hereby issues a stay on the filing and service of any other pleadings.

Notwithstanding the stay, (a) a party may file notice of related case and (b) a plaintiff may file an amended complaint to add a PAGA claim to a wage and hour putative class action provided that no answer to the original complaint has been filed.

The Court issues the stay to provide for an orderly schedule for briefing and hearings on procedural and substantive pleadings challenges. This stay precludes without limitation the filing of any demurrer, motion to strike, motion challenging the jurisdiction of the Court or cross-complaint until further order of the Court.

## DISCOVERY STAY UNTIL FURTHER ORDER

The Court hereby imposes a stay on all discovery proceedings until further order of the Court including any obligation to make initial disclosures. This stay does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case. This stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

ISC ORDER

## INITIAL STATUS CONFERENCE

The purpose of the Initial Status Conference is to identify a fair and efficient way of proceeding with the case. The Court encourages the parties to propose approaches to case management.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **seven court days** before the Initial Status Conference. The purpose of the meeting is to discuss the issues set out below so that counsel can prepare a Joint Statement to be filed with the Court **five court days** before the Initial Status Conference.

All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC. The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least **five court days** before the ISC. So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org upon agreement of an e-service provider.

Please remember that **electronic service** is not the same **as electronic filing**.

## PREPARING FOR THE ISC AND PREPARATION OF THE JOINT STATEMENT

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.  To the extent the parties disagree on any question, each party should set out his, her or its position in a separate paragraph beneath the issue or question heading.

1.  Are there any issues of judicial recusal or disqualification?

2.  The case type:

    (a)    wage and hour class action with or without PAGA

(b)    other class action (describe)

(c)    construction defect

(d)    mass tort

(e)    insurance coverage

(f)    other (describe)

Each party should *briefly* describe the nature of the case, and the claims and defenses.  For wage and hour class actions, the parties should describe, to the extent known, the nature of the defendant's business, plaintiff's relevant work duties and the alleged work violation(s).

3.    The status of service and notice(s) of appearance(s) by defendant(s)?

4.    Whether any party intends to challenge jurisdiction (subject matter or personal).

5.    The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).

6.    What provisions should be made for the preservation of evidence?

7.    What provisions should be made for electronically stored evidence? [1]

8.    Do the parties need a limited- or non-dissemination protective order? (The court recommends the model protective orders found on the Los Angeles Superior Court website (www.lacourt.org) under the Complex Court tab ("Civil Tools for Litigators."))

9.    A proposed deadline for adding and serving any new parties.

10. Should either or both the pleading and discovery stay be lifted and, if so, when and for what purposes?

---

[1] If electronically stored information must be produced, the court encourages the parties' respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

4

11. The identification of any "related case". (Answer question 15 for wage and hour class action/PAGA matters.)

12. A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers and email addresses.

13. Recommended orders to be made at the ISC.

14. Recommended date for the next status conference.

**FOR WAGE AND HOUR PUTATIVE CLASS ACTIONS/PAGA MATTERS**

15. Each party should state, if known: (a) the estimated size of any putative class; (b) a description (including case numbers) of any related or potentially related cases pending in other departments of the Los Angeles Superior Court or any other court (including class actions with overlapping class definitions); and (c) whether a class representative has or is expected to file a PAGA claim either as an amendment in this lawsuit or filed separately, independent of this lawsuit—and if so, whether such separate lawsuit should be deemed related to this lawsuit; and if not, why not. (Parties are encouraged to review their obligations regarding notices of related cases.)

16. Does any party intend to move to compel arbitration? Before filing a motion to compel arbitration, the defendant must provide the plaintiff with a copy of the arbitration agreement, and meet and confer with counsel to determine whether the plaintiff will oppose the motion to compel arbitration.

The defendant so intending to move is required to provide a copy of the relevant agreements purportedly containing the arbitration provisions well before the ISC meet and confer, and plaintiff's counsel is expected to have formed a position as to whether plaintiff will or will not oppose a demand for arbitration and whether discovery should be opened relative to the subject of arbitration.

17. The parties' positions on "class list" discovery and arrangements for a Belaire-West notice process.

5

18. Are the parties committed to engage in early mediation and if so, (a) when is the mediation scheduled to occur and (b) what accommodations, if any, do they parties seek from the court?  (Note: this should be discussed with clients well in advance of the ISC so that counsel are in a position to make commitments at the ISC.)

**PLAINTIFF'S COUNSEL TO SERVE THIS ISC ORDER**

The Court orders Plaintiff's counsel to serve this Initial Status Conference Order on counsel for all other parties, or if counsel's identity is not known, on the parties within **seven court days** of the date of this Order.

Dated:      MAY 0 2 2024

Lawrence P. Riff
Judge of the Superior Court

6

ISC ORDER

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/02/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____A. Morales_____ Deputy |
| **PLAINTIFF/PETITIONER:**<br>Elizabeth Perez, | |
| **DEFENDANT/RESPONDENT:**<br>Rose Hills Mortuary, L.P., et al. | |
| **CERTIFICATE OF MAILING** | **CASE NUMBER:**<br>24STCV10847 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Assigned Case) of 05/02/2024, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

John G. Yslas
Wilshire Law Firm
3055 Wishire Blvd.
12th Floor
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/2/2024                                    By: A. Morales
                                                           Deputy Clerk

CERTIFICATE OF MAILING

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Wilshire Law Firm<br>John G. Yslas (SBN 187324)<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010<br>    TELEPHONE NO:                    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  jyslas@wilshirelawfirm.com<br>    ATTORNEY FOR *(Name)*:   Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/10/2024 9:19 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Trinh, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles
  STREET ADDRESS:   312 N. Spring St.
  MAILING ADDRESS:
  CITY AND ZIP CODE:   Los Angeles, 90012
  BRANCH NAME:   Spring St.

| PLAINTIFF / PETITIONER:   Elizabeth Perez | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Rose Hills Mortuary, L.P., et al. | 24STCV10847 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>11023901 (22865261) |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X]  Summons
    b.  [X]  Complaint
    c.  [X]  Alternative Dispute Resolution (ADR) Package
    d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  Cross-Complaint
    f.  [X]  Other *(specify documents)*:    Civil Case Cover Sheet Addendum and Statement of Location, Voluntary Efficient Litigation Stipulations, First Amended General Order, Notice of Case Assignment , Minute Order, Initial Status Conference Order
3.  a.  Party served *(specify name of party as shown on documents served)*:
        Rose Hills Company, a Delaware corporation
    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        CSC Lawyers Incorporating Service - Koy Saechao - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5.  I served the party *(check proper box)*
    a.  [X]  **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Thu, May 09 2024                   (2) at *(time)*:   01:25 PM
    b.  [ ]  **by substituted service**. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                   from *(city)*:                   or [ ] a declaration of mailing is attached.
        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Elizabeth Perez | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Rose Hills Mortuary, L.P., et al. | 24STCV10847 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*:                              (2)  from *(city)*:

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

        ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☐  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify)*:

   c.  ☐  as occupant.

   d.  ☒  On behalf of *(specify)*:    Rose Hills Company, a Delaware corporation
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**

   a.  Name:                      Tyler Di Maria

   b.  Address:                   1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

   c.  Telephone number:          800-938-8815

   d.  **The fee** for service was:   $50.00

   e.  I am:

        (1)  ☐  not a registered California process server.

        (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

        (3)  ☒  a registered California process server:

             (i)   ☐ owner   ☐ employee   ☒ independent contractor

             (ii)  Registration No:   2006-006

             (iii) County:   Sacramento

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.


Date:   May 9, 2024

Tyler Di Maria
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Wilshire Law Firm<br>John G. Yslas SBN 187324<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010<br>TELEPHONE NO:  (213) 381-9988    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  jyslas@wilshirelawfirm.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/16/2024 3:33 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By K. Valenzuela, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles |  |
|---|---|
| STREET ADDRESS:   312 N. Spring St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   Los Angeles, 90012<br>BRANCH NAME:   Spring St. |  |

| PLAINTIFF / PETITIONER:   Elizabeth Perez, et al.<br>DEFENDANT / RESPONDENT:   Rose Hills Mortuary, L.P., et al. | CASE NUMBER:<br>24STCV10847 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>11023902 (22865262) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☒ Alternative Dispute Resolution (ADR) Package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. ☒ Other *(specify documents)*:    Civil Case Cover Sheet Addendum and Statement of Location, Voluntary Efficient Litigation Stipulations, First Amended General Order, Notice of Case Assignment , Minute Order, Initial Status Conference Order
3. a. Party served *(specify name of party as shown on documents served)*:
   Rose Hills Mortuary, L.P., a Delaware limited partnership
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   DENNIS C. POULSEN - Person Authorized to Accept Service of Process
4. Address where the party was served:
   3900 Workman Mill Rd, Whittier, CA 90601
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                           (2) at *(time)*:
   b. ☒ **by substituted service.** On *(date)*:   Thu, May 16 2024                  at *(time)*:   12:59 PM              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Sophia Peralta , Hospitality Services
   (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   from *(city)*:                                          or ☒ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER: Elizabeth Perez, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Rose Hills Mortuary, L.P., et al. | 24STCV10847 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                  (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:    Rose Hills Mortuary, L.P., a Delaware limited partnership
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☒ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

  a.  Name:              David Osorio

  b.  Address:         1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:  $120.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

        (i)  ☐ owner  ☐ employee  ☒ independent contractor

        (ii)  Registration No:  2022125733

        (iii)  County:  Los Angeles

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  May 16, 2024

David Osorio

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: Elizabeth Perez, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Rose Hills Mortuary, L.P., et al. | 24STCV10847 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954.

On 5/16/2024, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations, First Amended General Order, Notice of Case Assignment , Alternative Dispute Resolution Information Package, Minute Order, Initial Status Conference Order

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Fresno, CA. , addressed as follows:

Rose Hills Mortuary, L.P., a Delaware limited partnership
DENNIS C. POULSEN - Person Authorized to Accept Service of Process
3900 Workman Mill Rd
Whittier, CA 90601.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   5/16/2024
Blanca Sigala

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other (Specify): InfoTrack US, Inc.

---



**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010
Tel: (213) 381-9988
Fax: (213) 381-9989
www.wilshirelawfirm.com

Bobby Saadian, Esq. JD/MBA

Colin M. Jones, Esq.
Justin F. Marquez, Esq.
John Yslas, Esq.
Jon Teller, Esq.
Tae Kim, Esq.
Daniel DeSantis, Esq.
Jennifer P. Burkes, Esq.
Mary Caruso, Esq.
Nicol Hajjar, Esq.
Stephanie Mazepa, Esq.
Thiago Coelho, Esq.
Cameron Stewart, Esq.
Shahin Rezvan, Esq.

Wesley Shelton, Esq.
Jennifer Leinbach, Esq.
Jeffrey Bils, Esq.
Nathan Kingery, Esq.
Elizabeth Votra, Esq.
Benjamin Haber, Esq.
Ghazaleh Attaran, Esq.
Adam Sherman, Esq.
Jesenia Martinez, Esq.
Arrash Fattahi, Esq.
Jesse Chen, Esq.
Arsine Grigoryan, Esq.
Diego Aviles, Esq.

May 14, 2024

LWDA
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612
(*Via Online Submission*)

Rose Hills Company
1929 Allen Parkway
Houston, TX 77019
(*Via Certified Mail, Return Receipt Requested*)
**#9489 0090 0027 6621 6009 22**

Rose Hills Mortuary, L.P.
3888 Workman Mill Road
Whittier, CA 90601
(*Via Certified Mail, Return Receipt Requested*)
**#9489 0090 0027 6621 6037 70**

CSC - Lawyers Incorporation Service
Agent for Service of Process
Rose Hills Company
2710 Gateway Oaks Drive
Sacramento, CA 95833
(*Via Certified Mail, Return Receipt Requested*)
**#9489 0090 0027 6621 6037 94**

Dennis C. Poulsen
Agent for Service of Process
Rose Hills Mortuary, L.P.
3900 S. Workman Mill Road
Whittier, CA 90601
(*Via Certified Mail, Return Receipt Requested*)
**#9489 0090 0027 6621 6037 87**

Re:   ***Elizabeth Perez v. Rose Hills Mortuary, L.P., et al.***
      **Notice of Labor Code Violations and PAGA Penalties**

To Whom It May Concern:

Please be advised that my office has been retained by Elizabeth Perez ("Ms. Perez" or "Employee") to pursue a Labor Code Private Attorneys General Act of 2004 ("PAGA") representative action (Cal. Lab. Code §§ 2699, *et seq.*) against Employee's former employers, Rose Hills Mortuary, L.P. and Rose Hills Company ("Employers"). The purpose of this letter is to comply with PAGA and set forth the facts and theories of California Labor Code violations which we allege Employers engaged in with respect to Employee and potentially all of Employers' Aggrieved Employees.

Ms. Perez wishes to pursue this action on behalf of Employees as Aggrieved Employees, on behalf of the State of California, as well as on behalf of potentially all other persons who worked for Employers in California as a non-exempt or hourly-paid employee at any time within the applicable statutory period (hereafter, the "Aggrieved Employees").

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 2 of 17

Employee and the Aggrieved Employees, or some of them, suffered the Labor Code violations described below.

## Ms. Perez's Employment with Employers

Employers are a funeral home and mortuary that offer funeral and mortuary services. Employee worked as a mortuary office specialist-filer. Employee's primary job function was to document information provided by doctors and medical facilities, file death certificates, etc. In performing Employee's duties, Employee was regularly required to perform work (off-the-clock), without compensation. Due to high workloads, Employee was also frequently deprived of an opportunity to take legally compliant meal and rest breaks. Employers failed to provide Employee and other Aggrieved Employees with the meal and rest break premiums as required by the Labor Code. Additionally, Employee necessarily incurred business-related expenses, but Employers failed to reimburse such business-related expenses. These are just non-exhaustive examples of the facts and theories the Employee asserts, which are described in more detail below.

Employers own/owned and operate/operated an industry, business, and establishment within the State of California. As such and based upon all the facts and circumstances incident to Employers' business in California, Employers are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

Ms. Perez is a resident of Whittier, California who worked for Employers in Los Angeles County, California as an hourly-paid, non-exempt employee from approximately October 2021 to approximately October 2023.

During Employee's employment for Employers, Employers paid Employee an hourly wage and classified Employee as non-exempt from overtime. Employers typically scheduled Employee to work at least five days in a workweek and at least eight hours per day, but Employee also worked more than eight hours in a workday and more than forty (40) hours in a workweek.

Throughout Employee's employment, Employers failed to pay for all hours worked (including minimum, straight time, and overtime wages), failed to provide Employee with legally compliant meal periods, failed to authorize and permit Employee to take rest periods, failed to timely pay all final wages to Employee when Employers terminated Employee's employment, failed to furnish accurate wage statements to Employee, failed to indemnify Employee for business expenditures, and failed to timely produce Employee's requested employment records. As discussed below, Employee's experience working for Employers was typical and illustrative.

## Failure to Pay for All Hours Worked, Including Minimum, Straight Time, and Overtime Wages

Under California law, an employer must pay for all hours worked by an employee. "Hours worked" is the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In addition, Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

Labor Code §§ 1194 and 1198 also provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 3 of 17

regular wages in amounts specified by law. Additionally, Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

Throughout the statutory period, Employers failed to pay Employee and the Aggrieved Employees, or some of them, for all hours worked, including minimum, straight time, and overtime wages. Employers at time required Employee and the Aggrieved Employees, or some of them, to work "off-the-clock," uncompensated, by, for example, requiring Employee and the Aggrieved Employees to perform work during uncompensated meal periods and rest periods, and requiring Employee and the Aggrieved Employees to perform work before clocking in and/or after clocking out. Some of this unpaid work should have been paid at the overtime rate. California Labor Code § 510 requires that employers compensate employees 1.5 times their regular rate of pay when employees work over eight hours per day, 40 hours per week, or when employees work up to eight hours on any seventh day of a workweek. Employers failed to properly calculate Employee's regular rate of pay when paying overtime, by failing to include all compensation in Employee's overtime calculations. In failing to pay for all hours worked, Employers also failed to maintain accurate records of the hours Employee and the Aggrieved Employees, or some of them, worked.

Throughout the statutory period, Employers also engaged in a practice of improper rounding. Under *Camp v. Home Depot U.S.A., Inc.* (2022) 84 Cal.App.5th 638, because Employers could and did track the exact time in minutes that Employee worked, they must pay for all time worked. When an employer uses an electronic timekeeping system to record time worked, this ability to "precisely capture time worked" means that "the employer must pay the employee for that worktime when due." (*Id.* at 671.) As a result of Employers' rounding policy, Employee consistently was not compensated at least minimum wage for all hours that Employee worked.

As a result, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code §§ 210, 1197.1, and 2699(f)(2) for failing to pay for all hours worked, including minimum, straight time, and overtime wages.

**Failure to Provide Meal Periods**

Under California law, employers have an affirmative obligation to relieve employees of all duty in order to take their first 30-minute, duty-free meal periods no later than the start of sixth hour of work in a workday, and to allow employees to take their second 30-minute, duty-free meal period no later than the start of the eleventh hour of work in the workday. Further, employees are entitled to be paid one hour of additional wages for each workday they were not provided with all required meal period(s).

Despite these legal requirements, Employers at times wrongfully failed to provide Employee and the Aggrieved Employees, or some of them, with their legally mandated 30-minute, uninterrupted, and duty-free meal period in a manner required by law (and also including but not limited to failing at times to provide Plaintiff, the Class, and the Aggrieved Employees, or some of them, the opportunity to leave the work premises to take meal periods). Employers also continued to assert control over Employee and the Aggrieved Employees, or some of them, by, among other things, requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Employee and the Aggrieved Employees, or some of them, permission to take a meal period under the conditions required by law, and without properly compensating Employee and the Aggrieved Employees, or some of them, for meal periods that were not provided as required by law. Employers also did not inform Employee of Employee's right to, nor permitted Employee to take, all of Employee's second meal periods when Employee worked at least ten hours of work in a workday and otherwise

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 4 of 17

unlawfully pressured Employee to waive such breaks. Accordingly, Employers at times failed to provide meal periods to Employee and the Aggrieved Employees, or some of them, in compliance with California law.

Employee and the Aggrieved Employees, or some of them, are thus entitled to be paid one hour of additional wages for each workday they were not provided with all required meal period(s). Employers, however, at times failed to pay Employee and the Aggrieved Employees, or some of them, the additional wages to which they were entitled for meal periods that were not provided.

As a result, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code §§ 210 and 2699(f)(2) for failing to provide meal periods and pay meal period premium wages.

**Failure to Authorize and Permit Rest Periods**

Employers are required by California law to authorize and permit breaks of ten uninterrupted minutes for each four hours of work or major fraction of four hours (i.e., more than two hours). Thus, for example, if an employee's work time is six hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.

Throughout the statutory period, Employers at times have wrongfully failed to authorize and permit Employee and the Aggrieved Employees, or some of them, to take legally compliant rest periods in a manner required by law (and also including but not limited to failing, at times, to authorize and permit Plaintiff, the Class, and the Aggrieved Employees, or some of them, the opportunity to leave the work premises to take rest periods). Employers at times required Employee and the Aggrieved Employees, or some of them, to work in excess of four consecutive hours a day without Employers' authorizing and permitting Employee to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Employee and the Aggrieved Employees, or some of them, for rest periods that were not authorized or permitted.

Instead, Employers at times continued to assert control over Employee and the Aggrieved Employees, or some of them, by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or at times by denying Employee and the Aggrieved Employees, or some of them, permission to take a rest period. Accordingly, Employers at times failed to authorize and permit Employee and the Aggrieved Employees, or some of them, to take rest periods in compliance with California law. Employee and the Aggrieved Employees, or some of them, are thus entitled to be paid one hour of additional wages for each workday he or she was not authorized and permitted to take all required rest period(s). Employers, however, at times failed to pay Employee and the Aggrieved Employees, or some of them, the additional wages to which they were entitled for rest periods that they were not authorized and permitted to take.

As a result, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code §§ 210 and 2699(f)(2) for failing to authorize and permit rest periods and pay rest period premium wages.

///
///
///

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 5 of 17

**Failure to Pay All Earned Wages Twice Per Month**

Based on Employers' failure at times to pay Employee and the Aggrieved Employees, or some of them, for all wages as discussed above, Employers also violated Labor Code § 204.

Labor Code § 204 requires employers to pay employees all earned wages two times per month. Throughout the statute of limitations period applicable to this cause of action, employees were entitled to be paid twice a month at their regular rates, including all meal period premium wages owed, rest period premium wages owed, and wages owed for overtime hours worked. However, at times, Employers failed and refused to pay the Employee all wages due, and failed to pay those wages twice a month, in that Employee was not paid all wages for all meal periods not provided by Employers, all wages for all rest periods not authorized and permitted by Employers, and all wages for all hours worked. As a result, Employers owe Employee the legally required wages for unpaid wages, and Employee and the Aggrieved Employees, or some of them, suffered damages in those amounts.

Moreover, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code § 210 for failing to pay all earned wages twice per month.

**Failure to Maintain Accurate Records of Hours Worked and Meal Periods**

Employee seeks penalties under California Labor Code § 1174(d). Pursuant to California Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by California Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods and total hours worked daily shall also be recorded.

Employers, however, at times failed to maintain accurate records of hours worked and all meal periods taken or missed by Employee and the Aggrieved Employees, or some of them.

Employers' failure to provide and maintain records required by the California Labor Code and the applicable IWC Wage Orders deprived Employee and the Aggrieved Employees, or some of them, the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Employers' records. Therefore, Employee and the Aggrieved Employees, or some of them, had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Employers. As a direct result, Employee and the Aggrieved Employees, or some of them, have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorneys' fees in seeking to compel Employers to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial. As a result of Employers' knowing failure, at times, to comply with the California Labor Code and applicable IWC Wage Orders, Employee and the Aggrieved Employees, or some of them, have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

**Failure to Timely Pay All Wages at Termination**

Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 6 of 17

voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Direct deposits of wages to an employee's bank, saving and loan, or credit union account that were previously authorized by the employee are immediately terminated when an employee quits or is discharged, and the payment of wages upon termination of employment in the manner described above shall apply unless the employee has voluntarily authorized that deposit and provided that the employer complies with the provisions of Labor Code § 213(d) relating to the payment of wages upon termination or quitting of employment.

Within the applicable statute of limitations, the employment of Employee and many other Aggrieved Employees ended, i.e., was terminated by quitting or being discharged, and the employment of others will be terminated. However, during the relevant time period, Employers at times failed, and continue at times to fail, to pay Employee and terminated Aggrieved Employees, or some of them, without abatement, all wages required to be paid by Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Employers' employment. These unpaid wages include wages for unpaid work time (including minimum, straight time, and overtime wages), missed meal period premium wages, and missed rest period premium wages. Employers also violated, and continue to violate, Labor Code section 213(d) by paying final wages (if any are paid at all) via direct deposit without the employee's voluntary authorization.

Employers' conduct violates Labor Code §§ 201 and 202. Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

Accordingly, Employee and the Aggrieved Employees, or some of them, are entitled to recover from Employers their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to Labor Code § 203.

Moreover, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code § 2699(f)(2) for failing to timely pay all wages at termination, and for unlawfully making any such payment (if any) via direct deposit without the employee's voluntary authorization.

## Failure to Furnish Accurate Itemized Wage Statements

Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. An employee is presumed to suffer an injury if this information is missing. (Lab. Code § 226(e)(2)(B)(iii).)

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 7 of 17

The statute further provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (Lab. Code § 226(e)(1).)

Throughout the statutory period, Employers at times failed to, and continue at times to fail, to timely furnish Employee and the Aggrieved Employees, or some of them, with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law).

Because Employers at times violated Labor Code § 226, Employee and similarly Aggrieved Employees, or some of them, suffered injury and damage to their statutorily protected rights. Accordingly, Employee and similarly Aggrieved Employees, or some of them, are entitled to recover from Employers the greater of their actual damages caused by Employers' failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee. Moreover, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code § 226.3 for failing to timely furnish accurate itemized wage statements.

**Failure to Indemnify for Necessary Expenditures**

Labor Code § 2802(a) provides that employers shall indemnify their employees for all necessary business expenditures or losses that have been incurred by the employees in direct discharge of his or her duties. Throughout the statute of limitations period applicable to this cause of action, Employers at times wrongfully required Employee and the Aggrieved Employees, or some of them, to pay expenses that they incurred in direct discharge of their duties for Employers. Employee and the Aggrieved Employees, or some of them, at times paid out-of-pocket for necessary employment-related expenses. Employee and the Aggrieved Employees, or some of them, incurred substantial expenses as a direct result of performing their job duties for Employers, but Employers failed to indemnify Employee and the Aggrieved Employees, or some of them, for these employment-related expenses.

As a result, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code §§ 2802 and 2699(f)(2) for failing to indemnify Employee and the Aggrieved Employees, or some of them, for necessary business expenditures.

**Failure to Produce Requested Employment Records**

Labor Code § 226 provides that current and former employees have the right to inspect or receive a copy of their records pertaining to their employment, upon reasonable request to their employer. Under this statute, an employer that receives a request to inspect or receive a copy of records pertaining to a current or former employee must comply with the request as soon as practicable, but no later than twenty-one (21) calendar days from the date of the request. Labor Code § 1198.5(a) also provides that every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employees' performance or to any grievance concerning the employee. Under this statute, upon written request from a current or former employee or his or her representative, an employer

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 8 of 17

must make the contents of those personnel records available for inspection or provide a copy of the personnel records to the current or former employee, or his or her representative, not later than thirty (30) calendar days from the date the employer receives the written request, subject to some limited exceptions.

Labor Code § 432 provides that if an employee or applicant signs any instrument relating to the obtaining or holding of employment, he or she shall be given a copy of the instrument upon request. On information and belief, Employee and the Aggrieved Employees, or some of them, submitted written request(s) to Employers for their payroll records, timecards, and personnel records but did not timely receive them as required by the Labor Code.

As a result, Employers are liable to Employee and the Aggrieved Employees, or some of them, for the civil penalties provided for in Labor Code §§ 226(f), 1198.5(k), and 2699 for failing to timely produce the requested records.

## Recordkeeping Requirement Violations

California Labor Code section 1174 requires employers to keep "accurate and complete" payroll records showing, among other things, the hours worked daily by Employees and Aggrieved Employees. All applicable IWC Wage Orders, section 7 similarly requires employers to keep accurate time records reflecting the times during which all owed meal periods were provided each day.

Based on information and belief, Employers at times failed, and continue at times to fail, to keep accurate and complete payroll records as required by law, including but not limited to the following records: total daily hours worked, applicable rates of pay, time records showing when Employee and other Aggrieved Employees began and ended each work period, time records of meal periods, and accurate itemized wage statements.

Based on information and belief, Employers at times failed and continue at times to fail to keep accurate and complete records showing total hours worked by Employee and Aggrieved Employees, or some of them, by virtue of Employers' time rounding and/or auto deduction policies and practices and/or other off-the-clock work policies and practices. Employers failed at times and continue at times to fail to keep accurate and complete records showing total hours worked by virtue of Employers' failure to relieve Employee and Aggrieved Employees, or some of them, of all duties and Employers' control for unpaid meal periods, resulting in unpaid hours worked.

Based on information and belief, Employers further failed at times, and continue at times to fail, to record the true start and end times of Employee's and Aggrieved Employees' meal periods, or some of them.

Based on further information and belief, Employers further failed at times and continue at times to fail, to record the true start and end times of Employee's and Aggrieved Employees' work shifts, or some of them.

Additionally, Employers at times failed, and continue at times to fail, to keep accurate records and issue accurate wage statements by not documenting accrued sick time for Employee and Aggrieved Employees, or some of them. Employers' failure to keep "accurate and complete" payroll records for Employee and Aggrieved Employees, or some of them, violates Labor Code sections 1174, 1198, 1199, and all applicable IWC Wage Orders, section 7.

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 9 of 17

These violations subject Employers to civil penalties under Labor Code sections 558.1, 226.6, 1174.5 and 2699. Each violation of each Labor Code section and Wage Order provision, for each Aggrieved Employee (or some of them), results in a separate civil penalty.[1]

## Violation of Wage Theft Protection Act of 2011

Based on information and belief, Employers failed at times, and continue at times to fail, to comply with the notice requirements of Labor Code section 2810.5 (i.e., the Wage Theft Protection Act of 2011) by, among other things, failing to provide Employee and Aggrieved Employees, or some of them, with the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Employers, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information required to be disclosed by Employers under Labor Code section 2810.5. Employee is informed and believes that failure to provide such information, including rates of pay that are in effect, has permitted Employers to pay Aggrieved Employees, or some of them, at rates of pay that were not agreed upon and violate minimum wage and overtime wage laws in California. Employee is additionally informed and believes that the notice requirement of Labor Code section 2810.5 involves a mandatory payroll or workplace injury reporting. Among other relief, Aggrieved Employees, or some of them, may collect from Employers in connection with these violations' civil penalties pursuant to Labor Code sections 558 and 2699.

## Violation of California Labor Code §§ 245-248.5

Throughout the relevant time period, Employers at times failed to provide proper paid sick leave to Employee and other Aggrieved Employees, or some of them. Employers either failed at times to provide paid sick leave at all or improperly calculated the sick leave accrual and the sick leave rate of pay owed to Employee and other Aggrieved Employees, or some of them, by failing at times to base the accrued sick leave hours on the correct number of hours worked (as a result of the rounding/automatic deduction policies and practices for meal periods and/or shift start and end times/other required off-the-clock work including but not limited to unpaid meal periods that were restricted to Employers' premises) and by failing at times to incorporate multiple rates of pay and/or all non-discretionary remuneration, including but not limited to, non-discretionary bonuses, shift differential pay and/or other non-discretionary compensation into the sick leave pay rate calculation.

Based on information and belief, Employers further failed at times to provide notice of the correct sick leave amount balance available to Employee and other Aggrieved Employees, or some of them, on their wage statements or other written statement.

Based on information and belief, Employers at times failed to put Aggrieved Employees, or some of them, on notice of their paid sick leave rights, thereby failing at times to put their entitlement to sick leave in a Labor Code section 2810.5 notice. In addition, Employers at times failed to maintain accurate records of used sick leave and the balance of paid sick leave left to the Aggrieved Employees, or some of them.

///

---

[1] See Lab. Code §2699(f)(2) (establishing that the civil penalty is "for each aggrieved employee per pay period").

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 10 of 17

Based on information and belief, Employers at times failed to provide notice of sick leave amount balance left for Employee and other Aggrieved Employees, or some of them, thus affecting their intelligent exercise of their paid sick leave. But for this failure, Employee, and other Aggrieved Employees, or some of them, would have used their paid sick leave at least prior to their respective separations, for as on several occasions thereafter, he or she would have been entitled to use the banked sick leave and earn appropriate compensation. This illegal retention of paid sick leave is unlawful, and Employee seeks all forms of injunctive relief, restitution, and declaratory relief as permitted by California law, on behalf of Employee and the Aggrieved Employees, or some of them.

In violation of Labor Code section 247.5, Employers at times failed to maintain records documenting the hours worked and paid sick days accrued and used by Employee and Aggrieved Employees, or some of them, permitting the presumption that Employee and these Aggrieved Employees, or some of them, were entitled to the maximum number of hours accruable under this article.

Upon information and belief, Employers at times further failed and continue at times to fail to comply with Labor Code section 246, by failing to provide Employee and Aggrieved Employees, or some of them, with a Labor Code section 226 wage statement, or separate writing containing the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, at the time it pays wages. Employers at times unlawfully retained and continue at times to retain paid sick leave that should have been paid but was not, as a result of Employers' failure, at times, to properly institute a paid sick leave program.

On information and belief, Employee alleges that these practices at times were experienced and continue to be experienced at times by other Aggrieved Employees, or some of them. Employee requests all appropriate relief under the PAGA and these statutes, including but not limited to the restitution of earned paid sick leave that could have been used, but was not due to Employers' sole failure to institute such a paid sick leave entitlement or paid sick leave bank as required by California law.

Accordingly, Employee and other Aggrieved Employees, or some of them, are entitled to injunctive relief, attorneys' fees, declaratory relief, restitution, and penalties as permitted by law. Employee requests all relief pursuant to the aforementioned code provisions, including but not limited to Labor Code sections 233 and 234, which incorporates the paid sick leave requirements.

**Failure To Provide Supplemental Paid Sick Leave**

Labor Code section 248.2 provides that all employers with 26 or more employees are required to provide up to 80 hours for covered employees to take 2021 COVID-19 Supplemental Paid Sick Leave to care for themselves, to care for a family member or if it is vaccine-related. Based on information and belief, Employers at times violated Labor Code section 248.2 by not providing Aggrieved Employees, or some of them, with required 2021 COVID-19 Supplemental Paid Sick Leave.

**Refusal to Make Payment**

Labor Code section 216 declares unlawful an employer's refusal to pay wages due and payable and/or denial of the validity of any claim to wages due. Employers at times violated and continue at times to violate Labor Code section 216 by failing to pay Employee and Aggrieved Employees, or some of them, for all hours worked at the proper wage rate and by failing to pay Employee and

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 11 of 17

Aggrieved Employees, or some of them, an additional hour of pay for each meal and/or rest period not provided or that was invalid. Gould v. Maryland Sound Industries, Inc. (1995) 31 Cal.App.4th 1137, 1154-1155. These violations subject Employers to civil penalties under Labor Code section 225.5. Each violation results in a separate civil penalty, for each Aggrieved Employee (or some of them) so affected, for each pay period (or some of them) during which the statute's provisions were violated.[2]

## Seating Violations

Per section 14(A-B) of all applicable IWC Wage Orders, employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats and when they are not actively engaged in the work duties that would not permit them to be seated.

All applicable IWC Wage Orders, Section 14(A-B) provides:

> (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
>
> (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

Suitable seating is one of the worker protections covered by California's Wage Orders, which have the same dignity as statutes, are remedial in nature and are to be broadly construed to effectuate the goal of protecting the comfort and welfare of employees. Brinker Restaurant Corp. v. Superior Court, 53 Cal.4th 1004, 1027 (2012).

Based on information and belief, Employers at times failed to provide Aggrieved Employees, or some of them, with suitable seating, and when such employees, or some of them, were not engaged in duties which required them to stand, at times no seating was placed in reasonable proximity to their workstations.

Moreover, based on information and belief, the nature of the work reasonably permitted the use of seats for at least part of the time that Aggrieved Employees were working. Lastly, based on information and belief, Aggrieved Employees at times were not engaged in active duties of their employment, yet at times there were no suitable seats in reasonable proximity to the work area, and use of seats would not have interfered with the performance of their duties.

Employers' Aggrieved Employees worked in various positions. The nature of Employee's and other Aggrieved Employees' work, or some of them, reasonably permitted the use of seats. However, Employers at times failed to provide suitable seating in reasonable proximity to Aggrieved Employees' work areas, or some of them, in violation of section 14(A-B) of applicable Wage Orders, and Labor Code sections 1198 and 1199, subjecting Employers to civil penalties

---

[2] Labor Code § 225.5 (establishing that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of sections 212, 216, 221, 222, or 223 shall be subject to a civil penalty...for each failure to pay each employee") (emphasis added).

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 12 of 17

under Labor Code sections 1199 and 2699. Each violation of each Labor Code section and IWC Wage Order provision, for each Aggrieved Employee, or some of them, results in a separate civil penalty.[3]

## Statutory Wage Violations

Labor Code section 223 makes it unlawful for an employer to secretly pay wages lower than required by statute while purporting to pay legal wages.

As described above, Employers at times willfully and systematically denied Employee and other Aggrieved Employees, or some of them, of minimum and overtime wage compensation for all hours worked which resulted in the payment of less than statutorily required wages owed to them. Employers at times acted with the intent to deprive some or all of them of statutory wages, including, but not limited to, overtime wages and minimum wages, to which they were entitled to under California law.

Thus, Employers at times paid Employee and other Aggrieved Employees, or some of them, lower wages than those to which they were entitled, while purporting that Employee and all Aggrieved Employees were properly paid. As such, Employee and Aggrieved Employees, or some of them, are entitled to recover penalties, attorneys' fees, costs, and interest thereon, pursuant to Labor Code § 2699(f)-(g).

## Failure to Pay Vested Vacation/Paid Time Off

California Labor Code section 227.3 provides that when an employer policy provides for paid vacations and/or paid time off, and an employee is terminated without having taken off his, her, or their vested vacation time, all vested vacation shall be paid to the employee as wages at the employee's final rate in accordance with such contract of employment or employer policy respecting eligibility or time served and that there shall be no forfeiture of vested vacation time or paid time off upon termination. Based on information and belief, Employers at times had and continue at times to have a policy and/or practice of failing to allow Aggrieved Employees, or some of them, and Exempt Aggrieved Employees, or some of them, to use their earned vacation/paid time off during their employment and failing at times to pay all vested, accrued paid time off to Aggrieved Employees, or some of them, and/or Exempt Aggrieved Employees, or some of them, upon separation of employment, in violation of California law, including but not limited to, Labor Code section 227.3.

## Failure to Timely Provide Temporary Workers with Owed Wages

On information and belief, Employers at times had and have failed to provide temporary workers, or some of them, with owed wages weekly by not later than the regular payday of the following week. As a result, pursuant to Labor Code section 201.3, Employers would be liable for civil penalties pursuant to Labor Code sections 201.3.

///
///
///

---

[3] See Lab. Code §2699(f)(2) (establishing that the civil penalty is "for each aggrieved employee per pay period").

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 13 of 17

## Unlawful Agreements/ Unlawful Criminal History Inquiries

*Unlawful Agreements*
Labor Code section 432.5 provides that "no employer ... shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer ... to be prohibited by law." Based on information and belief, Employers at times required Employee, Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree in writing to unlawful conditions of employment including but not limited to unlawful non-compete and/or non-solicitation agreements as well as unlawful criminal and/or financial checks as a condition of obtaining and/or continuing employment in violation of Labor Code section 432.5.

The California Labor Code places certain procedural and substantive limits on employers' ability to conduct employee background checks and on how employers can use the information they obtain through those background checks. Labor Code section 1024.5 states that employers, except for financial institutions, may order a credit check only if the individual works (or is applying to work) in certain positions (e.g., managerial positions, financially related positions, and certain government positions). Additionally, the Investigative Consumer Reporting Agencies Act (ICRAA - CA Civil Code section 1786, et seq.) and the Fair Credit Reporting Act (FCRA - 15 U.S.C. section 1681, et seq.) mandate several requirements prior to and following an employee background check, including but not limited to identifying an appropriate reason for the background check, a separate consent form with required disclosures and certain formatting requirements, additional forms such as a summary of rights, a way by which to request a copy of the report, as well as proper notice of adverse actions taken, among other statutory requirements.

Based on information and belief, Employers at times ordered unlawful financial credit checks on Aggrieved Employees and Exempt Aggrieved Employees, or some of them, in violation of Labor Code section 1024.5, and at times required Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to provide ongoing written consent to the unlawful credit checks as a condition of employment, in violation of California and Federal law, which results in a further violation of Labor Code section 432.5.

Based on information and belief, Employers also at times required Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to submit and/or agree to submit in writing to unlawful criminal background checks as a condition of obtaining and/or holding employment in violation of the ICRAA and the FCRA. For example, based on information and belief, Employers required Employee to submit and/or agree to submit in writing to an unlawful background check as a condition of obtaining and/or holding employment in violation of, including but not limited to, Labor Code section 432.5.

Based on information and belief, Employers at times required Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree in writing to a background check which failed to abide by the requirements set forth in California Civil Code section 1786, et seq. and 15 U.S.C. section 1681, et seq., including but not limited to by failing, at times, to provide a clear and conspicuous disclosure (and/or failing to provide any disclosure at all), failing at times to provide disclosures free of extraneous information, failing at times to provide a lawful purpose for the background check, failing at times to provide a summary of rights under the ICRAA and/or the FRCA, failing at times to provide a way by which the individual could request a copy of the report, failing at times to disclose the name, address, and telephone number of the third party preparing the report, and failing at times to properly obtain authorization or consent to such a background check, and thus was an unlawful background check.

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 14 of 17

By at times requiring Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree in writing to unlawful criminal and/or financial checks not in conformance with the applicable laws, Employers violated Labor Code section 432.5.

Based on information and belief, Employers also at times required Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree in writing to provide ongoing consent to Employers to conduct background checks throughout the duration of employment, in violation of the ICRAA and/or FCRA and/or other applicable laws, resulting in a further violation of Labor Code section 432.5, by at times requiring applicants and employees, or some of them, to agree to an unlawful provision as a condition of employment.

Based on further information and belief, Employers knew that requiring Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree at times to unlawful criminal and/or financial background checks as a condition of obtaining and/or holding employment was unlawful. By requiring Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree at times in writing to unlawful provisions as a condition of employment, Employers violated Labor Code section 432.5.

*Unlawful Inquires into Criminal History*
Labor Code section 432.7 prohibits an employer from asking applicants about past arrest(s) unless they resulted in conviction(s) and even then, certain limitations apply. Based on information and belief, Employers at times asked Aggrieved Employees and Exempt Aggrieved Employees, or some of them, about arrests not resulting in convictions on their employment application, in violation of California law.

Upon information and belief, Employers, in violation of California law, including but not limited to the Fair Chance Act/the California Fair Employment and Housing Act ("FEHA"), at times asked Aggrieved Employees and Exempt Aggrieved Employees, or some of them, about convictions prior to extending an offer of employment and/or otherwise impermissibly inquired into criminal history on their employment application in violation of California law.

By asking, at times, about arrests not resulting in convictions, Employers violated Labor Code section 432.7. By asking, at times, about convictions at the application phase or prior to extending an employment offer, Employers violated California's Fair Chance Act, and thereby violated Labor Code section 432.5 by unlawfully requiring Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree in writing to disclose arrests and/or convictions as a condition of employment.

*Unlawful PAGA Waiver*
Additionally, Employers at times violated Labor Code section 432.5 by requiring Employee, Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree in writing to other unlawful agreements, including but not limited to an unlawful waiver of PAGA and or representative actions, as a condition of employment.

An action pursuant to PAGA "'...is a representative action on behalf of the state'" Kim v Reins Int'l California, Inc., (2020) 9 Cal. 5th 73, 86-87. It is well settled that agreements purporting to waive an employee's right to a trial of PAGA claims is contrary to California law and unenforceable. See Iskanian v CLS Transportation Los Angeles, LLC (2014) 59 Cal. 4th 348, 384 ("We conclude that where, as here, an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law.").

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 15 of 17

Moreover, the California Supreme Court has ruled that a court cannot compel arbitration of an aggrieved employee's individual PAGA claim because there is no such thing as an individual PAGA claim. *Kim v Reins Int'l California, Inc.,* (2020) 9 Cal. 5th 73, 86-87 ("There is no individual component to a PAGA action because 'every PAGA action … is a representative action on behalf of the state.'").

Upon information and belief, Employers at times required Employee, Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree in writing to waive their right to a trial of PAGA claims in violation of California law. By at times requiring Employee, Aggrieved Employees and Exempt Aggrieved Employees, or some of them, to agree, in writing, to an unlawful PAGA waiver, Employers at times required written agreement to an unlawful provision as a condition of employment, which is a violation of labor code section 432.5.

As such, Employee, Aggrieved Employees and Exempt Aggrieved Employees, or some of them, continue to be subject at times to various unlawful provisions as a condition of employment.

## Preventing Employees from Using or Disclosing Skills, Knowledge, and Experience

On information and belief, Employers at times have prevented Employee and/or other Aggrieved Employees, or some of them, from using or disclosing the skills, knowledge, and experience they obtained at Employers for purposes of competing with Employers, including, without limitation, preventing Employees, or some of them, from disclosing their wages in negotiating a new job with a prospective employer, and from disclosing who else works at Employers and under what circumstances they might be receptive to an offer from a rival employer. As such, Employee is informed and believes, this violates Business and Professions Code sections 17200, 16600 and 16700 and, by virtue thereof, various provisions of the Labor Code, including Labor Code sections 232, 232.5, and 1197.5, subdivision (k). Employers would be liable for civil penalties pursuant to Labor Code section 2699.

## Whistleblower Violations

On information and belief, Employers at times have prevented Employee and/or other Aggrieved Employees, or some of them, from disclosing violations of state and federal law, either within Employers to their managers or outside Employers to private attorneys or government officials, among others, in violation of Business and Professions Code section 17200, and thus in violation of Labor Code section 1102.5. In addition, Employee is informed and believes that these policies and/or practices at times prevent Employee and/or other Aggrieved Employees, or some of them, from disclosing information about unsafe or discriminatory working conditions, or about wage and hour violations in violation of Labor Code sections 98.6, 232, and 232.5. These violations of the Labor Code would expose Employers to liability for civil penalties pursuant to Labor Code section 2699.

## Workplace Health and Safety Violations

On information and belief, Employers at times have failed to furnish and use safety devices and safeguards, and adopt and use practices, means, methods, operations and processes which are reasonably adequate to render such employment and place of employment safe and healthful, pursuant to, including but not limited to, Labor Code section 6401. Employee is informed and believes, and based thereon alleges, that Employers at times have required or permitted employees, or some of them, to go or be in any employment or place of employment which is not safe and healthful, pursuant to Labor Code section 6402. Employee is informed and believes, and based

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 16 of 17

thereon alleges, that Employers at times have failed or neglected to provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe; adopt and use methods and processes reasonably adequate to render the employment and place of employment safe; and do every other thing reasonably necessary to protect the life, safety, and health of employees, pursuant to Labor Code section 6403. Employee is informed and believes, and based thereon alleges, that these failures include, without limitation, at times failing to disinfect time clocks and other surfaces after use by Employee and/or other Aggrieved Employees, or some of them; at times failing to provide adequate protection equipment to Employee and/or other Aggrieved Employees, or some of them; and at times failing to provide adequate distance in working conditions between Employee and/or other Aggrieved Employees, or some of them.

On information and belief, Employers violated section 1527, 3366, 3457 and 8397.4 by failing at times to provide adequate and readily accessible sanitation facilities; a regular schedule for servicing, cleaning, and supplying each facility to ensure it is maintained in a clean, sanitary and serviceable condition; an adequate supply of suitable cleansing agents, water, single-use towels or blowers; and a sufficient number of toilets to be used by each sex of employee.

**Action for Civil Penalties Under PAGA**

In light of the above, Employee alleges that Employers violated the following provisions of the Labor Code with respect to the Aggrieved Employees, or some of them:

1. Labor Code §§ 204, 510, 1194, 1197, and 1198 by failing at times to pay for all hours worked, including minimum wages, straight time wages, and overtime wages;
2. Labor Code § 226.7 and applicable Wage Orders by failing at times to provide meal periods;
3. Labor Code § 226.7 and applicable Wage Orders by failing at times to authorize and permit rest periods;
4. Labor Code § 204 by failing at times to pay all earned wages two times per month;
5. California Labor Code § 1174.5 and applicable Wage Orders by failing at times to maintain accurate records of hours worked and meal periods taken or missed;
6. Labor Code §§ 201 to 203 by willfully failing at times to pay all wages owed at termination;
7. Labor Code § 226 by failing at times to provide accurate itemized wage statements;
8. Labor Code § 2802 by failing at times to indemnify for necessary expenditures;
9. Labor Code §§ 226, 432, and 1198.5 by failing at times to timely produce requested payroll records, timecards, and personnel records;
10. Labor Code § 1174 by failing at times to keep accurate and complete payroll records;
11. Labor Code §§ 245-248.5 by failing at times to provide proper sick leave and supplemental paid sick leave;
12. Labor Code § 216 for refusal at times to pay wages due and payable and/or denial at times of the validity of any claim to wages due;
13. Labor Code § 223 for at times secretly paying wages lower than required by statute while purporting to pay legal wages;
14. Labor Code § 227.3 for failure at times to pay vested vacation and/or paid time off;

LWDA
*Notice of Labor Code Violations and PAGA*
May 13, 2024
Page 17 of 17

15. Section 14(A-B) of all applicable IWC Wage Orders for failure at times to provide suitable seating;
16. Labor Code § 432.5 for unlawful agreements;
17. Labor Code § 201.3 for failure at times to timely provide temporary workers, or some of them, with wages;
18. Labor Code §§ 98.6, 232, 232.5, 1102.5, and 1197.5 for at times preventing employees, or some of them, from using or disclosing the skills, knowledge and experience they obtained at Employers, and whistleblower violations;
19. Labor Code § 432.7 for unlawful inquiries at times into criminal histories; and
20. Labor Code §§ 1527, 3366, 3457, 8397.4, 6401, and 6401 for workplace health and safety violations.

Therefore, on behalf of potentially Aggrieved Employees, Employee seeks applicable penalties related to the violations alleged above pursuant to the PAGA. These include, but are not limited to, penalties under Labor Code §§ 210, 226.3, 1174.5, 1197.1, and 2699.

Employee has placed Employers on notice by mailing a certified copy of this correspondence, as indicated on the first page. Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

WILSHIRE LAW FIRM

John G. Yslas, Esq.

## WILSHIRE LAW FIRM, PLC

3055 WILSHIRE BLVD. 12TH FLOOR
LOS ANGELES, CA 90010

US POSTAGE ᴵᴹ ᴵ PITNEY BOWES

ZIP 90010 $ 007.60⁰
02 4W
0000378100 MAY. 14. 2024



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

UNITED STATES POSTAL SERVICE® · CERTIFIED MAIL®



9489 0090 0027 6621 6037 94

Label 890-PB, Oct. 2015
Pitney Bowes

**CSC - Lawyers Incorporation Service**
**Agent for Service of Process**
**Rose Hills Company**
**2710 Gateway Oaks Drive**
**Sacramento, CA 95833**

# Exhibit B

Carrie M. Francis (309280)
carrie.francis@stinson.com
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Attorneys for Defendant Rose Hills
Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Perez, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Rose Hills Mortuary, L.P., a Delaware limited partnership; Rose Hills Company, a Delaware corporation; and Does 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> State of California Superior Court**,** Los Angeles County Case No. 24STCV10847 <br><br> **DECLARATION OF CARRIE M. FRANCIS IN SUPPORT OF DEFENDANT ROSE HILLS COMPANY'S NOTICE OF REMOVAL** |

I, Carrie M. Francis, declare under penalty of perjury that the following is true and correct:

1.    I am the attorney of record for Rose Hills Company ("Rose Hills" or "Defendant").

2.    I have represented Rose Hills for many years and am familiar with the Human Resources System utilized by it.

3.    As a result of this lawsuit, I received documents from Rose Hills, including a list of employees working for it between April 30, 2020 and April 30, 2024, which Plaintiff has identified as the statutory time period relevant to this Complaint. *See* Complaint at ¶¶ 2 and 25.

4.    The Rose Hills records indicate that it employed approximately 759 non-exempt employees between April 30, 2020 and April 30, 2024. Therefore, there are

DECLARATION OF CARRIE M. FRANCIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
CORE/0810992.0127/190283277.1

approximately 759 employees in the purported class that could bring a claim for failure to provide rest and meal breaks, and failure to pay hourly wages and overtime.

5.     California Labor Code § 226 has a statute of limitations for one year. Therefore, allegations of failure to furnish wage statements are only applicable to those employed at Rose Hills from April 30, 2023 through April 30, 2024.

6.     Of the 759 purported class members, approximately 510 were employed in the year prior to the commencement of this lawsuit and, thus, could bring a claim for failure to furnish compliant wage statements.

7.     California Labor Code §§ 201 and 202 provide that an employee is immediately entitled to final wages upon termination or resignation with 72-hours' notice.

8.     Of the 759 purported class members, approximately 333 of them are no longer employed by Rose Hills and, thus, could bring a claim for failure to timely pay final wages.

Executed this 7th day of June, 2024.

STINSON LLP

By:   Carrie M. Francis

2

DECLARATION OF CARRIE M. FRANCIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
CORE/0810992.0127/190283277.1